UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ELIZABETH GRANT,

                Plaintiff,

      -against-

115TH PRECINCT, ASPCA, BULCHY'S DEPT.,
PROJECT GUARDIAN, and EDMOND GRANT,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-4183 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Elizabeth Grant filed the instant action on June 10, 2024, and appears to assert that her constitutional rights were violated by Defendants. On June 27, 2024, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). For the reasons discussed below, Plaintiff's request to proceed IFP is denied, and she is granted fourteen (14) days from the date of entry of this Order to submit a IFP Long Form application or pay the filing fee.

## DISCUSSION

A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and including "a statement of all assets" that they possess. 28 U.S.C. § 1915(a)(1). "A litigant need not be 'absolutely destitute' to qualify for *in forma pauperis* status but need demonstrate only that they 'cannot because of [their] poverty pay or give security for the costs [of litigation] and still be able to provide [themselves] and [their] dependents with the necessities of life.'" *Rosa v. Doe*, 86 F.4th 1001, 1005 (2d Cir. 2023) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (first and third alterations in original)). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts in this District often treat that dismissal provision as applicable when a litigant's statement of assets fails

to establish the level of poverty required under the IFP statute. *See, e.g.*, *Lawrence v. Comm'r of Soc. Sec.*, No. 22-CV-2332 (JMA), 2022 WL 1782586, at *1 (E.D.N.Y. May 31, 2022); *Miller v. Smith*, No. 21-CV-2949 (JS) (AKT), 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901 (RPK) (LB), 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Grimes v. Sil*, No. 19-CV-1066 (AMD), 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019).

Plaintiff indicates that she is presently employed, and her monthly take-home pay or wages are $1,450. (Dkt. 6 at ECF[1] 1.) However, she did not complete the section of the short-form IFP application that directed her to state the amount of money she has on hand in cash or a checking or savings account. (*Id.* at ECF 2.) Therefore, it is unclear to the Court whether she qualifies for IFP status. *See, e.g.*, *Jones v. ACS/Queens Field Off.*, No. 23-CV-5742 (EK) (LB), 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (noting that where a Plaintiff leaves certain sections of an IFP application blank, the affidavit is insufficient to support IFP status).

## FILING INJUNCTION WARNING

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also Grant v. 115 Precinct*, No. 24-CV-3714 (PKC) (LB), 2024 WL 3029132, at *2 (E.D.N.Y. June 17, 2024) (explaining same in another case brought by

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Plaintiff). Plaintiff is warned that the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting her from making future filings seeking IFP status without leave of the Court.[2] *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotations and citations omitted)).

## CONCLUSION

Accordingly, Plaintiff's request to proceed IFP is denied without prejudice subject to renewal in accordance with the instructions herein. If Plaintiff intends to proceed with this action, within 14 days from the date of this Order, she is to either pay the filing fee of $405 to the Clerk of Court or submit the IFP Long Form for the Court's consideration. If Plaintiff fails to pay the required filing fee in a timely manner or submit the IFP Long Form, the action will be dismissed without prejudice and without further notice.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff at her address of record, together with the IFP Long Form. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] Plaintiff has filed fifteen prior actions with the Court. *See Grant v. Warden of Ros M. Singer*, No. 19-CV-2046 (RRM) (LB); *Grant v. Cafferri*, No. 19-CV-2148 (RRM) (LB); *Grant v. Vultreggo*, No. 19-CV-2204 (RRM) (LB); *Grant v. ASPCA*, No. 19-CV-2239 (RRM) (LB); *Grant v. Soba*, No. 19-CV-2525 (RRM) (LB); *Grant v. Zao*, No. 19-CV-2832 (RRM) (LB); *Grant v. Resan*, No. 19-CV-2911 (RRM) (LB); *Grant v. Queens Supreme Ct.*, No. 19-CV-3244 (RRM) (LB); *Grant v. Dep't of Corrs.*, No. 19-CV-3380 (RRM) (LB); *Grant v. ASPCA*, No. 19-CV-3689 (RRM) (LB); *Grant v. Brooklyn Veterans Hosp.*, No. 19-CV-4875 (RRM) (LB); *Grant v. Cheena*, No. 19-CV-4876 (RRM) (LB); *Grant v. Tracy*, No. 19-CV-6081 (RRM) (LB); *Grant v. Adult Protective Serv.*, No. 22-CV-775 (PKC) (LB); *Grant v. 115 Precinct*, No. 24-CV-3714 (PKC) (LB).

                                    SO ORDERED.

                                    /s/ Pamela K. Chen
                                    PAMELA K. CHEN
                                    United States District Judge

Dated: July 1, 2024
       Brooklyn, New York